UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. CR07-224-RWR |
| | : | |
| | : | VIOLATIONS: 18 U.S.C. §§ 1519, 2, |
| | : | 1621 (Destroying or Concealing Records |
| v. | : | in a Federal Investigation, Perjury) |
| | : | |
| | : | |
| JAIME GALVEZ a/k/a JIM GALVEZ, | : | FILED |
| | : | OCT 5 - 2007 |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## STATEMENT OF THE OFFENSE

1. From in or about November 1999 through in or about May 2005, JAIME GALVEZ ("GALVEZ"), a/k/a JIM GALVEZ, was the owner and president of J.G. International Freight Corporation ("J.G. International"), which was a freight forwarding company in the business of packaging and shipping goods overseas. During that period, J.G. International served as the freight forwarding company in approximately 35 shipments on behalf of Dankim Trading, EMMCO, and ECCO (hereinafter "customers").

2. In each of the approximately 35 shipments that J.G. International facilitated for the customers, the customers prepared two commercial invoices with the same invoice number: one commercial invoice accurately stated the dollar value of the goods to be shipped overseas by J.G. International and the second commercial invoice materially and substantially overstated the dollar value of the goods to be shipped overseas by J.G. International. The customers then transmitted both sets of commercial invoices to J.G. International to obtain two different bills of lading: one that matched the accurate commercial invoice and one that matched the false commercial invoice.

3. On or about April 11, 2006, a grand jury in Washington, D.C. served a grand jury subpoena on the Custodian of Records of J.G. International. The subpoena demanded that J.G. International produce certain documents to the grand jury. Among other things, the subpoena demanded that J.G. International produce "[a]ll bills of lading and shipping documents related to work performed on behalf of" Dankim Trading, Curran, EMMCO, ECCO, and Chua. The subpoena also demanded that J.G. International produce "all correspondence" between J.G. International, Curran and Chua.

4. From in or about April 11, 2006, through on or about May 11, 2006, GALVEZ knowingly concealed and covered up approximately 35 commercial invoices J.G. International received from Dankim Trading, EMMCO, and ECCO that materially and substantially overstated the dollar value of the goods actually shipped overseas by J.G. International for those clients, with the intent to impede and obstruct the grand jury investigation.

5. On or about May 11, 2006, at GALVEZ's direction, J.G. International produced documents responsive to the grand jury subpoena. That production did not include the approximately 35 commercial invoices that GALVEZ knowingly concealed and covered up.

6. On or about June 16, 2006, GALVEZ was served with a subpoena to testify before the grand jury in Washington, D.C.

7. On or about July 6, 2006, GALVEZ, having taken an oath before a federal grand jury, falsely testified that he had no recollection of Dankim Trading using false shipping documents and no recollection of Dankim Trading producing two different commercial invoices with the same invoice number to J.G. International, when in truth and in fact, as GALVEZ then

and there well knew, Dankim Trading had transmitted to J.G. International two different copies of commercial invoices for the same shipment with the same invoice number.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 9-17-07

_____
JAIME GALVEZ
Defendant

_____
FRANK SALVATO, ESQ.
Attorney for Defendant