HONORABLE RICHARD W. ROBERTS, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>07-CR-224</u> |
| vs. | : | |
| GALVEZ, Jaime | : | Disclosure Date: <u>November 21, 2007</u> |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

__Hank Band Walther__                            __12/5/07__
Prosecuting Attorney                                Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____    _____    _____    _____
Defendant                 Date      Defense Counsel            Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>December 5, 2007</u>, to U.S. Probation Officer <u>Kathie McGill</u>, telephone number <u>(202) 565-1421</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer



U.S. Department of Justice

Criminal Division

---

Washington, D.C. 20530

December 5, 2007

**VIA FACSIMILE**

Kathie J. McGill
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    Re:   *United States v. Jaime Galvez,*
          Presentence Investigation Report, Docket No.: CR-07-224

Dear Ms. McGill:

    The Government has received the Presentence Investigation Report ("PSR") regarding Jaime Galvez and has identified the following material/factual inaccuracies:

    **Paragraph 3 and FN 1**: The PSR erroneously states that the defendant's criminal conduct was complete in May 2005. However, the criminal conduct for which the defendant pled guilty – including the defendant's concealment and destruction of documents responsive to a grand jury subpoena and the defendant's perjury - occurred between April 11, 2006, and July 6, 2006. Because the defendant's crimes were complete on July 6, 2006, the 2005 Guideline Manual should be applied.

    **Paragraph 14**: The United States has now forwarded a Victim Impact Statement prepared by the Export-Import Bank of the United States.

    **Paragraph 15**: The PSR erroneously states that there is no information indicating that the defendant obstructed or impeded justice. Because the defendant has pled guilty to obstructing and impeding a grand jury investigation, the United States suggests rephrasing paragraph 15 to read "We do not have any information that the defendant obstructed the investigation, prosecution, or sentencing of the underlying offenses."

    **Paragraphs 18 and 24**: Paragraphs 18 and 24 erroneously apply a two-level upward adjustment for obstruction. Application Note 7 to USSG § 3C1.1 states that if the defendant is convicted for an offense under § 2J1.1 (Perjury) or § 2J1.2 (Obstruction of Justice), then the two-level enhancement for obstruction does not apply "except if a further obstruction occurred during the investigation, prosecution, or sentencing of the obstruction itself." Because there was no

additional obstruction, beyond the obstruction charged in the Information, a two-level enhancement pursuant to § 3C1.1 does not apply.

**Paragraphs 25 and 28:** Once the two-level enhancement from paragraph 24 is removed, the Adjusted Offense Level contained in paragraph 25 becomes 16 (instead of 18) and the Total Offense Level contained in paragraph 28 becomes 13.

**Paragraph 37:** The first sentence erroneously refers to December 31, 1998, as the date the defendant arrived in the United States. We believe the correct date is December 31, 1978.

**Paragraph 64:** Once the two-level enhancement from paragraph 24 is removed, and the revisions to paragraphs 25 and 28 are made, the total offense level becomes 13, with a guideline range for imprisonment of 12 to 18 months.

**Paragraph 79:** Once the two-level enhancement from paragraph 24 is removed, and the revisions to paragraphs 25 and 28 are made, the total offense level becomes 13. The fine range for an offense level of 13 is $3000-$30,000.

If you have any questions or need additional information, please let me know. As always, thank you for your assistance in this matter.

Truly yours,

STEVEN A. TYRRELL

Hank Bond Walther
Trial Attorney

cc: Michael K. Atkinson, Esquire (via facsimile)
Frank Salvato, Esquire, Esquire (via facsimile)