UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>JAIME GALVEZ,   )<br>)<br>Defendant.   )<br>) | Criminal Action No. 07-224 (RWR)<br><br>**FILED**<br>JAN 0 7 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U S DISTRICT COURT |

### MEMORANDUM

The accompanying judgment and commitment reflects a sentence imposed upon the defendant in this case that was based upon consideration of several factors as required by law. 18 U.S.C. § 3553(a)(1)-(7).

(1)   Nature and circumstances of the offense

Galvez's acts were clearly an effort to derail attempts to discover the truth behind a criminal scheme that fraudulently produced $40 million in loans. Galvez's acts wastefully consumed more investigative time and resources than should have been necessary. Subverting the system of justice in its goal of detecting crime and fraud against the government may seem to some today to be ordinary and insignificant. It should be seen for what it is: alarming and extraordinarily disruptive. This factor suggested significant punishment, although not quite as much as an 18 to 24 month imprisonment range.

- 2 -

History and characteristics of the defendant

Galvez enjoyed a privileged and wholesome upbringing, and the benefits of a higher education. While he appears to have provided these for his children as well throughout his life, it may suggest that he of all people knew better than to engage in this criminal conduct. Nevertheless, he has lived long with no prior criminal record. Galvez has consistently shown a successful work ethic and maintained lawful employment. He enjoys wide support among community members and his family who have commented upon his charity and good deeds and disposition. This factor provided substantial mitigation.

    (3,4)    Kinds of sentences available, and kinds of sentence and the sentencing range recommended by the guidelines

The guidelines recommend imprisonment in a range of 18 to 24 months. The law allows for imprisonment of up to 20 years on Count One and 5 years on Count Two, probation, community confinement, and intermediate combinations.

    (5,7)    Any pertinent Commission policy statement; the need to provide restitution to any victims

These factors were not applicable.

    (6)    Need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct

This factor suggested a guidelines range sentence.

I was mindful that the parties engaged in arms length bargaining and reached an agreement to dispose of the case short

- 3 -

of trial. They assessed the risks and benefits of the government continuing the investigation with the possibility of additional charges and pursuing longer terms of imprisonment, and the defendant putting the government to the time and expense of a trial where it carried the burden of proof of convincing a unanimous jury of guilt beyond a reasonable doubt. Each gave up some prerogatives, each gave up the right to seek variances or departures from the applicable guideline range, and both sides agreed that a reasonable sentence would be within a 12 to 18 month range. After I determined at the sentencing hearing that the applicable guideline range was 18 to 24 months, the government nevertheless sought a sentence below that range.

The sentence I imposed, then, was sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment and adequate deterrence, to protect the public, and to provide the defendant with needed correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

SIGNED this 4th day of January, 2008.

RICHARD W. ROBERTS
United States District Judge